UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| KEVIN E. WRIGHT, : | |
| : | |
| Plaintiff, : | Case No. 3:23-cv-11 |
| : | |
| v. : | Judge Thomas M. Rose |
| : | |
| VA POLICE DEPARTMENT, et al., : | |
| : | |
| Defendant. : | |
| : | |

---

ENTRY AND ORDER GRANTING MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT OF DEFENDANT VA POLICE DEPARTMENT (DOC. NO. 32) AND GRANTING DEFENDANT MIAMI VALLEY HOUSING OPPORTUNITIES' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT (DOC. NO. 35)

---

Presently before the Court are the Motion to Dismiss or, in the Alternative, for Summary Judgment of Defendant VA Police Department ("VA Motion") (Doc. No. 32) and Defendant Miami Valley Housing Opportunities' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment ("MVHO Motion") (Doc. No. 35).  In the VA Motion, Defendant VA Police Department ("VA Police") argues that Plaintiff Kevin Wright ("Wright") should have named the United States as the proper defendant and he fails to state a claim against the VA Police because the United States is immune from suit in this instance.  (Doc. No. 32 at PageID 282-83.)  For their part, Defendant Miami Valley Housing Opportunities ("MVHO") argues that Wright's Complaint is insufficient to state a claim upon which relief can be granted.  (Doc. No. 35 at PageID 319.)  To the extent the Complaint does state a claim, MVHO contends the Complaint sounds in 42 U.S.C. § 1983 and MVHO, as a private landlord, cannot be sued under that statute.  (*Id*. at PageID 319-20.)

1

For the reasons discussed below, the Court **GRANTS** both Motions.

I. **BACKGROUND**

The facts of this case are sparse, but, generally, Wright was a tenant at an apartment complex managed by MVHO and located on Veterans' Administration property. (Doc. Nos. 32 at PageID 282; 35 at PageID 318.) On May 25, 2022, VA Police and a MVHO representative entered Wright's property "looking forward someone in [Wright's] apartment who was supposed to be trespassing but was not trespassing under the law…" ("May 25 incident"). (Doc. Nos. 1-3 at PageID 9; 32 at PageID 282; 35 at PageID 318.)

After the May 25 incident, MVHO filed a Complaint for Forcible Entry and Detainer against Wright in Dayton Municipal Court on June 29, 2022. (Doc. No. 35-1.) In response, Wright asked for a jury trial and sought the VA Police audio and video from the May 25 incident. (Doc. Nos. 35-2; 35-3.) On July 21, 2022, the Dayton Municipal Court entered an Agreed Entry whereby Wright was permitted to stay in the apartment until August 30, 2022, MVHO agreed to dismiss the matter upon him vacating the apartment, and the jury demand was withdrawn. (Doc. No. 35-4; 35-5.)

On December 12, 2022, Wright filed the current Complaint in Montgomery County Common Pleas Court. (Doc. No. 1-3.) Wright again demanded a jury trial and the audio and video recordings of the VA Police from the May 25 incident. (*Id*. at PageID 7.) The Complaint included an October 17, 2022 letter stating:

> I'm writing This Letter: To obtain a court appointed attorney To represent me in the matter of the. V-A Police with Miami Valley Opportunities Illegally. Entering. My apartment illegally on May 25 200 To obtain a. subpoena to have the V-A Police for the release of. Video and and Audio on May 25 2022 And for the. Court to Jury. Trial as well
> On May 25th 2022, the V-A Police department with Miami Valley Housing Opportunities entered My Apartment with a pass key looking for someone in my apartment who was supposed to be trespassing but was not not trespassing under

2

> the law Thee Violated My Rights Under the Law.
> […]
> I'm therefore filing a law suit against the the VA Police and Miami valley Housing Opportunities for violating my Rights under the Law….

(Doc. No. 1-3 at PageID 9) (errors in original.)

VA Police removed this matter to this Court on January 11, 2023. (Doc. No. 1). VA Police filed its Motion on March 27, 2024 (Doc. No. 32) and MVHO filed its Motion on April 1, 2024 (Doc. No. 35). Wright did not file any oppositions and neither Defendant filed a reply. The matter is fully briefed and ripe for review and decision.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this rule "does not require 'detailed factual allegations' … it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6) (providing for motions to assert a "failure to state a claim upon which relief can be granted"). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A claim is facially plausible when it includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard is not the same as a probability standard, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and

3

plausibility of entitlement to relief." *Id*. (internal quotation marks omitted). Thus, if a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

When ruling on a motion to dismiss, the Court must accept the factual allegations of the complaint as true and construe them in a light most favorable to the non-moving party. *Twombly*, 550 U.S. at 554-55. However, the Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Id*. at 555-56.

While *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *pro se* parties must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is "not required to conjure up allegations not pleaded or guess at the nature of an argument." *Brown v. Wal-Mart Stores, Inc.*, 507 F. App'x 543, 547 (6th Cir. 2012). In other words, "while [a pro se] plaintiff is not required to recite chapter and verse of the statute upon which he relies, he must provide the court and the defendant with sufficient information about the basis for his claim to satisfy federal notice pleading requirements." *Hawkins v. Youngstown Mun. Court*, No. 4:12-CV-1029, 2012 U.S. Dist. LEXIS 130499, at *6, 2012 WL 4050167, at *2 (N.D. Ohio Sept. 13, 2012).

### III. ANALYSIS

VA Police argue that Wright's claims against it are barred by sovereign immunity because Wright has failed to allege a claim pursuant to the Supreme Court precedent of *Biven v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971). (Doc. No. 32 at PageID 282-83.) It further argues that Wright's claims fail under the Federal Torts Claim Act ("FTCA") because he failed to name the United States as the defendant. (*Id*. at PageID 283.) MVHO contends that Wright's Complaint fails to allege factual or legal allegations to state

4

a claim for relief. (Doc. No. 35 at PageID 319.) MVHO argues that Wright's Complaint should be dismissed to the extent it alleges a claim under 42 U.S.C. § 1983 because it is a private entity incapable of being sued under that statute. (*Id*. at PageID 319-20.)

### A. *Bivens* Claim

VA Police argue that Wright's claims against it are barred by sovereign immunity because Wright has failed to allege a claim pursuant to the Supreme Court precedent of *Bivens*. (Doc. No. 32.) It further argues that Wright's claims fail under the Federal Torts Claim Act ("FTCA") because he failed to name the United States as the defendant. (*Id*. at PageID 283.)

In *Bivens*, the Supreme Court "recognized...an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Serv. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). "To establish a claim under *Bivens*, a plaintiff must show that he was 'deprived of rights secured by the Constitution or laws of the United States' and that 'the defendants who allegedly deprived [him] of those rights acted under color of federal law.'" *Cain v. Rinehart*, No. 22-1893, 2023 U.S. App. LEXIS 18993, at *7, 2023 WL 6439438, at *3 (6th Cir. July 25, 2023) (quoting *Marie v. Am. Red Cross*, 771 F.3d 344, 364 (6th Cir. 2014)). "The Supreme Court has explicitly recognized only three contexts in which a private right of action for damages may be properly brought against federal officials for constitutional violations: 'a claim against FBI agents for handcuffing a man in his own home without a warrant; a claim against a Congressman for firing his female secretary; and a claim against prison officials for failure to treat an inmate's asthma.'" *Cain*, 2023 U.S. App. LEXIS 18993, at *7-8, 2023 WL 6439438, at *3 (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 140, 137 S. Ct. 1843, 198 L. Ed. 2d 290 (2017)).

In the instant case, Wright alleges:

> On May 25th 2022, the V-A Police department with Miami Valley Housing Opportunities entered My Apartment with a pass key looking for someone in my

5

> apartment who was supposed to be trespassing but was not not trespassing under the law Thee Violated My Rights Under the Law.

(Doc. No. 1-3 at PageID 9.) While, Wright generally states that his rights were violated, there is no indication how that is so. Wright does not allege that the entry was warrantless or constitutionally impermissible. Even under the lenient pleading standards for a *pro se* plaintiff, Wright has failed to allege a plausible claim against the VA Police.

Therefore, the Court finds Wright has failed to state a claim upon which relief can be granted against the VA Police department.

### B. Claims Against MVHO

MVHO contends that Wright's Complaint fails to allege factual or legal allegations to state a claim for relief. (Doc. No. 35 at PageID 319.) MVHO further argues that Wright's Complaint should be dismissed to the extent it alleges a claim under 42 U.S.C. § 1983 because MVHO is a private entity incapable of being sued under that statute. (*Id*. at PageID 319-20.) The Court need only address MVHO's first argument.

Wright's Complaint alleges MVHO violated his rights by entering his apartment with VA Police. (Doc. No. 1-3 at PageID 9.) It is unclear what rights he is accusing MVHO of violating and for the Court to read a specific claim in to the Complaint the Court would be "required to conjure up allegations not pleaded or guess at the nature of an argument." *Brown*, 507 F. App'x at 547. It is not necessary or permissible for the Court to do so.

Therefore, the Court finds Wright has failed to plead sufficient factual and legal allegations that state a claim upon which relief may be granted.

### IV. CONLUSION

For the reasons stated above, the Court **GRANTS** Motion to Dismiss or, in the Alternative, for Summary Judgment of Defendant VA Police Department (Doc. No. 32) and Defendant Miami

6

Valley Housing Opportunities' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. No. 35).  The Clerk is directed to terminate this matter on the docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, May 13, 2024.

s/Thomas M. Rose

———————————————
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
